**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LILIT STEPANYAN, | No. 10-70602 |
| Petitioner, | Agency No. A98 818 571 |
| v. | |
| ERIC H. HOLDER, JR., ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2014[**]
San Francisco, California

Before: M. MARGARET MCKEOWN and MILAN D. SMITH JR., Circuit Judges, and JAMES V. SELNA,[***] District Judge.

Petitioner Lilit Stepanyan ("Stepanyan"), a citizen of Armenia, appeals the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R App. 34(a)(2).

[***]    The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

final administrative order issued by the Board of Immigration Appeals ("BIA") denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). This Court has jurisdiction pursuant to 8 U.S.C. § 1252.

This Court reviews the BIA's denial of an applicant's asylum claim under the substantial evidence standard. *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006). BIA denials of withholding and CAT protection are also reviewed under the substantial evidence standard. *Lanza v. Ashcroft*, 389 F.3d 917, 933, 936 (9th Cir. 2004). Substantial evidence supports the BIA's findings. Therefore, we deny the petition for review.

There is substantial evidence to support the BIA's decision that Stepanyan failed to present a viable claim for asylum. The BIA reversed the Immigration Judge's ("IJ's") adverse credibility finding and concluded that Stepanyan's testimony demonstrated past persecution on the basis of imputed political opinion. A showing of past persecution results in a presumption of a "well-founded fear of future persecution." 8 C.F.R. § 1208.13(b)(1). However, the BIA went on to affirm the IJ's conclusion that the government had rebutted this presumption in light of Stepanyan's fundamentally changed circumstances pursuant to 8 C.F.R. § 1208.13(b)(1)(i)(A). The BIA based this conclusion on the fact that Stepanyan's

2

prior persecution was related to her contribution to her husband's opposition political efforts. The BIA noted that Stepanyan's husband no longer resides Armenia and that there is no indication in the record that he will return there.[1] In addition, the BIA emphasized that Stepanyan had indicated that she does not belong to any political organizations in Armenia or have any friends within any political party. As a result, the BIA concluded that the evidence in the record rebutted the regulatory presumption of a well-founded fear of future persecution.

Stepanyan argues that the BIA improperly relied upon changes in her personal situation to rebut the presumption of a well-founded fear of future persecution, and insists that the BIA can only consider changes in Armenia's country conditions. However, the language in the applicable asylum regulation does not support Stepanyan's position. An earlier version of 8 C.F.R. § 208.13(b)(1)(i)(A) did limit the government's rebuttal of the presumption to evidence that "conditions in the applicant's country of nationality or last habitual residence have changed." 8 C.F.R. § 208.13(b)(1)(i)(A) (1999). However, this language was broadened on December 6, 2000 to provide that the government can rely upon evidence of "fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." 8 C.F.R.

---

[1] Stepanyan's brief indicates that she is "estranged" from her husband and that they are "no longer a couple." (Petitioner's Opening Brief in Support of Appeal ("Pet. Op. Br.") 17.)

§ 208.13(b)(1)(i)(A); *see also* Asylum Procedures, 65 Fed. Reg. 76121, 76127 (Dec. 6, 2000) (noting that "the presumption may be overcome by events other than a change in country conditions"). We defer to the conclusion of the BIA that "fundamental change[s] in circumstances" can include changes in a petitioner's personal circumstances. *See Garcia-Quintero v.Gonzales*, 455 F.3d 1006, 1012 (9th Cir. 2006). Nothing in our caselaw compels the contrary conclusion. *Cf. Qu v. Gonzales*, 399 F.3d 1195, 1201 (9th Cir. 2005). The evidence in the record substantially supports the BIA's conclusion that there has been a fundamental change in circumstances such that Stepanyan no longer has a well-founded fear of persecution in Armenia.

We also reject Stepanyan's contention that we should remand the proceedings back to the IJ to determine whether she is eligible for humanitarian asylum.[2] Notably, Stepanyan failed to raise this issue on appeal to the BIA. Consequently, this Court lacks jurisdiction to consider Stepanyan's claim for humanitarian asylum because she failed to exhaust her administrative remedies with respect to that claim. 8 U.S.C. § 1252(d)(1); *see, e.g.*, *Barron v. Ashcroft*, 358

---

[2] The asylum regulations provide the BIA with discretion to grant humanitarian asylum, even when petitioner has failed to establish a well-founded fear of future persecution, if "[t]he applicant has demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution" or "[t]he applicant has established that there is a reasonable possibility that he or she may suffer other serious harm upon removal to that country." 8 C.F.R. § 1208.13(b)(1)(iii)(B).

F.3d 674, 678 (9th Cir. 2004) (refusing to consider claim for humanitarian asylum because petitioners failed to raise that issue before the BIA and thereby failed to exhaust their administrative remedies).

Finally, in order to prevail on her CAT claim, Stepanyan must demonstrate that it is more likely than not that she will be tortured if removed to Armenia. 8 C.F.R. § 208.16(c)(2); *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005). Substantial evidence also supports the BIA's conclusion that Stepanyan is not entitled to CAT protection. Stepanyan argues that the BIA improperly failed to examine the CAT claim separate and apart from the withholding of removal claim. While the BIA's decision does not include an extensive discussion of her CAT claim, the final decision addresses Stepanyan's eligibility for CAT protection separately from its discussion of her asylum and withholding of removal claims and cites to the applicable regulatory provisions. Furthermore, substantial evidence in the record supports the BIA's conclusion that Stepanyan failed to demonstrate that it is more likely than not that she will face torture upon returning to Armenia. As discussed above, the record does not indicate that it is likely that she will face persecution given her husband's departure from Armenia. Furthermore, while Stepanyan has testified that she was detained and beaten by the police, it is not clear that this persecution rises to the level of torture. Accordingly, Stepanyan's

5

CAT claim also fails.

**PETITION FOR REVIEW DENIED.**